IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN ROBERT LASKO, JR.,        )
      Petitioner,            )
                            )
         v.               )  2:11-cv-779
                            )
JAMES MCGRADY, et al.,        )
      Respondents.         )

MEMORANDUM and ORDER

Mitchell, M.J.:

John Robert Lasko, Jr. has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Lasko is presently serving a ten to twenty year sentence imposed following his conviction, by a jury, of rape and sexual assault of a minor at No. CP-317-2005, in the Court of Common Pleas of Mercer County, Pennsylvania. This sentence was imposed on December 15, 2005.[1] No appeal was pursued.[2]

A post-conviction petition was filed on September 2, 2008.[3] That petition was denied as untimely on November 23, 2009, and a notice of appeal to the Superior Court was filed.[4] On October 1, 2010 the denial of post-conviction relief was affirmed and leave to appeal to the Pennsylvania Supreme Court was denied on April 5, 2011.[5]

In the instant petition, executed on May 23, 2011, Jackson contends he is entitled to relief on the following grounds:

1. Petitioner's Fourteenth Amendment right to due process was violated by a conflict of interest of the prosecutor, whose law firm represented petitioner's wife in a divorce proceeding against petitioner, based on the instant criminal charges.

---

[1] See: Petition at ¶¶ 1-6. The Docket sheet of the Court of Common Pleas retrievable at http://ujsportal.pacourts.us at docket no. CP-43-CR-317-2005 demonstrates that the petitioner was convicted on eighteen separate related counts and sentenced to a total of ten to twenty years incarceration to be followed by ten years on probation.
[2] Id. at ¶ 9.
[3] See: CP-43-CR-317-2005 at p.22.
[4] See: Petition at ¶12 and CP-43-CR-317-2005 at p.25.
[5] See: Petition at ¶¶ 12(b) and 12(c) and CP-43-CR-317-2005 at p.26.

2. Petitioner's Sixth Amendment right to effective assistance of counsel was violated where trial counsel failed to; 1) investigate and introduce evidence of an earlier attempt by the alleged victim to have petitioner charged with a similar crime, 2) to object to the introduction of false evidence, 3) to adequately cross-examine the Commonwealth's primary witness to elicit prior inconsistent statements, and 4) to file requested direct appeal, resulting in petitioner's loss of appellate rights.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, no appeal was filed so the conviction became final when the time in which to appeal expired, namely January 14, 2006.[6] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until September 2, 2008 or almost two and a half year after he could have done so.[7] That petition was denied as untimely; the denial of post-conviction relief as untimely was affirmed by the Superior Court on October 1, 2010 and leave to appeal to the Pennsylvania Supreme Court was denied on April 5,

---

[6] Rule 903, Pa.R.App.P.
[7] 42 Pa.C.S.A.§ 9545(b)(1).

2011. The instant petition was executed on May 23, 2001, or over more than five years after it could have been submitted since post-conviction relief was never sought in a timely manner. Thus, far in excess of the one year period in which to seek relief here has expired, there is no basis for invoking equitable tolling and the petition is time barred.

Accordingly, the petitioner of John Robert Lasko, Jr. will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER


AND NOW, this 21st day of June, 2011, for the reasons set forth in the foregoing Memorandum, the petition of John Robert Lasko, Jr. for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied;

AND IT IS FURTHER ORDERED, that within fourteen (14) days of this date, the petitioner show cause, if any, why judgment should not be entered accordingly. Failure to file such will constitute a waiver of any appellate rights.


s/ Robert C. Mitchell
United States Magistrate Judge